UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA



| | |
|---|---|
| **Sidney Terrel Davis**, # 91432, | ) C/A No. 4:06-2399-GRA-TER |
| | ) |
| Plaintiff, | ) |
| vs. | ) **Report and Recommendation** |
| **R. Myers**, Director of Alvin S. Glenn Detention Center; | ) |
| **Alvin S. Glenn Detention Center**; | ) |
| **NFN Harell**, Assistant Director; | ) |
| **NFN Burroughs**, Lieutenant; | ) |
| **W. Refo**, Captain; | ) |
| **NFN Jarvis**, Officer; | ) |
| **NFN Goldwire**, Officer; | ) |
| **M. Higgins**, Captain; and | ) |
| **L. Milhouse**, Officer, | ) |
| Defendants. | ) |

# Background of this Case

The plaintiff is a pre-trial detainee at the Alvin S. Glenn Detention Center (formerly known as the Richland County Detention Center). The plaintiff has brought suit pursuant to 42 U.S.C. § 1983 against various employees and officials at the Alvin S. Glenn Detention Center because of the lack of access to law books at a law library on the grounds of the Alvin S.

1

Glenn Detention Center. The plaintiff states that he has filed various grievances since 2005, and received an answer to one (1) grievance on August 15, 2006.

In his prayer for relief, the plaintiff seeks various types of relief. Specifically, the plaintiff requests: **(1)** a court order directing the Alvin S. Glenn Detention Center to hire a grievance clerk, a law clerk, and a "person who does nothing but answer request forms[;]" **(2)** a monetary reward of four thousand dollars for past, present, and future stress caused by the staff at the Alvin S. Glenn Detention Center; and **(3)** "another $4000.$^{00}$ for the ASGDC's failure to acknowledge [his] pleadings for the use of law material that could help [the plaintiff] with [his] legal problems."

# *Discussion*

Under established local procedure in this judicial district, a careful review[1] has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

Reform Act. The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, 104 L.Ed.2d 338, 109 S.Ct. 1827, 1989 U.S. LEXIS® 2231 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[2] Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978), *cert. denied*, Moffitt v. Loe, 446 U.S. 928 (1980); and Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978).  The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See* Hughes v. Rowe, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and Cruz v. Beto, 405 U.S. 319 (1972).  *See* Hughes v. Rowe, 449 U.S. 5, 9-10 & n. 7 (1980)(*per*

---

[2]Boyce has been held by some authorities to have been abrogated in part, on other grounds, by Neitzke v. Williams, 490 U.S. 319 (1989)(insofar as Neitzke establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

*curiam*); and Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true.  Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975).  Even under this less stringent standard, the § 1983 complaint is subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  Weller v. Department of Social Services, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

Although the plaintiff appears to have exhausted his available remedies at the Alvin S. Glenn Detention Center, the above-captioned case is subject to summary dismissal because county jails or county detention centers are not required to have law libraries.  The United States Court of Appeals for the Fourth Circuit has ruled that the Constitution of the United States does not require every local jail even to have a law library.  Magee v. Waters, 810 F.2d 451, 452 (4th Cir. 1987).  The holding in Magee v. Waters is based on the knowledge that county jails are generally short-term facilities, wherein "'the brevity of confinement does not permit sufficient time for prisoners to petition the courts.'"  Magee v. Waters, 810 F.2d at 452.  *See also* Cruz v. Hauck, 515

F.2d 322, 331-333 (5th Cir. 1975), *cert. denied*, Andrade v. Hauck, 424 U.S. 917 (1976). In Cruz v. Hauck, the Court noted: "access to the courts may be satisfied either by availability of legal materials, by counsel, or by any other appropriate device of *the State*." 515 F.2d at 331 (emphasis added).

Moreover, the plaintiff has not alleged a specific injury from the absence of certain law books ("Federal Supplement" and the Supreme Court Reporter) at the Alvin S. Glenn Detention Center. *See* Magee v. Waters, supra, 810 F.2d at 452 (prisoner must show specific injury or actual harm from absence of law library when that prisoner was "housed only temporarily in a local jail"); and Cruz v. Hauck, supra, 515 F.2d at 331-333 & nn. 16-18. In other words, a plaintiff must show an "actual injury" resulting from the loss or absence of his legal materials. *See also* Peterkin v. Jeffes, 855 F.2d 1021, 1040-1041 & nn. 24-25 (3rd Cir. 1988); and Sands v. Lewis, 886 F.2d 1166, 1170-1171 (9th Cir. 1989)(collecting cases).³ The obligation to provide legal assistance to the plaintiff in his pending criminal case in the Court of General Sessions for Richland County rests with the State of South Carolina, not with the defendants in the case *sub judice*.

---

³*See also* Harrell v. Keohane, 621 F.2d 1059 (10th Cir. 1980), and Twyman v. Crisp, 584 F.2d 352 (10th Cir. 1978)

The plaintiff cannot recover monetary damages for his past, present, and future emotional stress.  Case law prior to the adoption of the Prison Litigation Reform Act had held that there is no federal constitutional right to be free from emotional distress, psychological stress, or mental anguish, and, hence, there is no liability under Section 1983 regarding such claims.  *See* Grandstaff v. City of Borger, 767 F.2d 161 (5th Cir. 1985), *rehearing denied*, 779 F.2d 1129 (5th Cir. 1986), *cert. denied*, City of Borger v. Grandstaff, 480 U.S. 916 (1987); and Rodriguez v. Comas, 888 F.2d 899, 903, 1989 U.S.App. LEXIS® 15698 (1st Cir. 1989).  *See also* the Prison Litigation Reform Act, which provides that physical injuries are a prerequisite for an award of damages for emotional distress under 42 U.S.C. § 1983.  This provision is now codified at 42 U.S.C. § 1997e(e), and has been held to be constitutional.  *See* Zehner v. Trigg, 952 F. Supp. 1318, 1997 U.S.Dist. LEXIS® 369 (S.D.Ind. 1997), *affirmed*, 133 F.3d 459, 463, 1997 U.S.App. LEXIS® 36776 (7th Cir. 1997)("The restriction § 1997e(e) places on prisoners, therefore, is not even exclusive to them; [Metro-North Commuter R.R. v. Buckley, 521 U.S. 424, 1997 U.S. LEXIS® 3867 (1997)(Federal Employers' Liability precludes recovery for emotional damages from exposure to asbestos in the absence of symptoms of asbestos-related disease)]

authoritatively interprets an Act of Congress to impose the same restriction upon a large group of non-prisoners. This application to another group severely undercuts plaintiffs' argument that § 1997e(e) denies them equal protection.").

One defendant is not an entity capable of being sued. The Alvin S. Glenn Detention Center is a group of buildings or a facility. Inanimate objects – such as buildings, facilities, and grounds – do not act under color of state law. Hence, the Alvin S. Glenn Detention Center is not a "person" subject to suit under 42 U.S.C. § 1983. *See* Allison v. California Adult Authority, 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); Preval v. Reno, 57 F.Supp.2d 307, 310, 1999 U.S.Dist. LEXIS® 9857 (E.D.Va. 1999)("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); and Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301, 1989 U.S.Dist. LEXIS® 12440 (E.D.N.C. 1989)("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). *Cf.* Wright v. El Paso County Jail, 642 F.2d 134, 136 n. 3 (5th Cir. 1981).

## *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. *See* Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. *, 1993 U.S.App. LEXIS® 17715 (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); Boyce v. Alizaduh, supra; Todd v. Baskerville, supra, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B)[essentially a redesignation of "old" 1915(d)]; and 28 U.S.C. § 1915A[as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. The plaintiff's attention is directed to the Notice on the next page.

                                              Respectfully submitted,

                                              s/Thomas E. Rogers, III
September 11, 2006                 Thomas E. Rogers, III
Florence, South Carolina          United States Magistrate Judge

### Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" &
# The Serious Consequences of a Failure to Do So

The plaintiff is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. *** This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only "I object" preserves no issue for review. *** A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 6 n. 1 (3rd Cir. 1984)(*per curiam*)("plaintiff's objections lacked the specificity necessary to trigger *de novo* review"). **This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections.** See Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29201
