**UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | |
|---|---|
| Sidney Terrel Davis, # 91432,<br><br>    Plaintiff,<br><br>  v.<br><br>R. Myers, Director of Alvin S. Glenn Detention Center; Alvin S. Glenn Detention Center; NFN Harrell, Assistant Director; NFN Burroughs, Lieutenant; W. Refo, Captain; NFN Jarvis, Officer; NFN Goldwire, Officer; M. Higgins, Captain; and L. Milhouse, Officer,<br><br>    Defendants. | C/A No. 4:06-cv-02399-GRA-TER<br><br><br>**ORDER**<br>(Written Opinion) |

  This matter is before the Court for a review of the magistrate's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C., and filed September 11, 2006. Plaintiff brought this suit pursuant to 42 U.S.C. § 1983, seeking remedies for lack of access to law books and a law library at the Alvin S. Glenn Detention Center where Plaintiff is temporarily housed. The magistrate recommends dismissing this case without prejudice and without issuance and service of process.

  Plaintiff is proceeding *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the

1

development of a potentially meritorious claim. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

In order for objections to be considered by a United States District Judge, the objections must be timely and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). Plaintiff timely filed objections to the magistrate's Report and Recommendation on September 20, 2006.

Plaintiff first argues that he is unable to "'adequately' contest" the findings of the magistrate since he does not have access to a law library, and therefore is only able "to give reasons why this suit should proceed" based on his personal knowledge and experience. The Court notes Plaintiff's position and will construe Plaintiff's claims liberally not only because Plaintiff is proceeding *pro se,* but also due to the fact that Plaintiff was unable to adequately research his claims. Nonetheless, most of Plaintiff's objections to the Report and Recommendation are not specific enough to warrant consideration by this Court. However, this Court will consider Plaintiff's specific objections.

Plaintiff first specifically objects to the Report and Recommendation by arguing that the holding in *Magee v. Waters*, 810 F.2d 451 (4th. Cir. 1987), applied only to a "particular" prison and does not apply to the Alvin S. Glenn Detention Center. The Court finds this objection without merit, as the *Magee* court analyzed city and county jails in general and did not limit its holding to the particular city jail at issue in that case.

Plaintiff also objects to the Report and Recommendation by arguing that the holding in *Magee* is inapplicable to this case because the Alvin S. Glenn Detention Center no longer qualifies as a "'short-term' facility." Plaintiff argues that he has been in detention at this facility for over a year and "has yet to be given a court date." Though the plaintiff in *Magee* had only been in custody "for a period of 29 days," *Id.,* 810 F.2d at 451, this Court holds that this difference in length of confinement is not substantial enough to affect the applicability of the basic holding in *Magee* to Plaintiff's case. Further, the United States Court of Appeals for the Fourth Circuit has affirmed that even if a difference in length of

3

confinement exists between the *Magee* case and cases applying it, the Court "decline[s] to hold that this difference relieves [plaintiff] of the basic requirement that he show specific harm or prejudice from the allegedly denied access." *Strickler v. Waters*, 989 F.2d 1374, 1384 (4th Cir. 1993).

Plaintiff's third and final specific objection states the magistrate erred in "the not-so-accurate account that 'access to the courts may be satisfied either by availability of 1) legal materials, 2) by counsel, or 3) by any other appropriate device of the state.'" Plaintiff argues no legal materials are available, prisoners have difficulty even getting to "see" their public defenders, and he "has no idea of what a 'device' of the state is or how to locate one" because he does not have access to a law library. Plaintiff's objection merely restates his original complaint and fails to adequately address any actual injury or specific harm, as is required by this Court. *See Magee,* 810 F.2d at 452 ("courts have required a showing by a complaining prisoner of actual injury or specific harm to him before a claim of lack of access to the court will be sustained"). Plaintiff's third objection therefore fails.

After a review of the magistrate's Report and Recommendation, this Court finds that the report is based upon the proper law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that this case be DISMISSED without prejudice and without issuance and service of process.

IT IS SO ORDERED.

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina
October 4 , 2006

4

NOTICE OF RIGHT TO APPEAL

Plaintiff has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.  Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.